United States District Court
Southern District of Texas
**ENTERED**
March 08, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SANDRA JOYCE ROBINSON, | § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. G-13-063 |
| | § § | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMIN., | § § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, are competing Motions for Summary Judgment filed by Plaintiff Sandra Joyce Robinson (Dkt. No. 7) and Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (Dkt. No. 11). The Motions pertain to Robinson's appeal of the denial of her application for Social Security Benefits. Having considered the motions and responsive briefing,[1] the administrative record[2] and applicable law, the Court concludes, for the reasons discussed herein, that Robinson's Motion is **GRANTED**, that the Commissioner's Motion is **DENIED**, and that the Commissioner's decision is **REMANDED** for further consideration as discussed herein.

---

[1] The Court also considered, Plaintiff's "Notice of New Legal Authority Concerning her *Ripley* Argument," which was filed on November 2, 2015. (Dkt. No. 19).

[2] The administrative record, which exceeds 400 pages, was filed electronically. (Dkt. No. 5).

1

## I. BACKGROUND

On February 4, 2010, Plaintiff Sandra Joyce Robinson ("Robinson") filed an application with the Social Security Administration (SSA), seeking disability insurance benefits (DIB) under Title II. (Transcript (Tr.) 149). In her application, Robinson alleges that her disability began on June 17, 2009, due to rheumatoid arthritis, Sjorgen's syndrome, hypertension, attention deficit hyperactivity disorder, depression, insomnia, and neck spasms. (Tr. 149). Robinson's application was denied initially and on reconsideration. She appealed the denial and requested a hearing before an Administrative Law Judge ("ALJ") to review the decision.

On November 28, 2011, a hearing was held before ALJ Gary J. Suttles in Houston, Texas. During the hearing, the ALJ heard testimony from Robinson, as well as from a vocational expert ("VE"). (Tr. 28-62). Following the hearing, the ALJ issued a decision on January 25, 2012, which was unfavorable to Robinson. (Tr. 12-24). Robinson appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals, however, in a letter dated January 4, 2013, the Appeals Council notified Robinson that it declined to review the ALJ's determination (Tr. 1-3), which rendered the ALJ's opinion the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). On March 6, 2013, Robinson filed the instant action seeking judicial review of the Commissioner's denial of her claim for DIB benefits. (Dkt. No. 1).

## II. APPLICABLE LEGAL STANDARDS & BURDENS

### A. Judicial Review

Judicial review of administrative decisions by the Commissioner are limited.[3] A federal court

---

[3] Title 42, Section 405(g) limits judicial review of the Commissioner's decision as follows: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall

2

reviews the Commissioner's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 472, 473 (5th Cir. 1999); *see also, Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995) (a court is tasked with "scrutiniz[ing] the record to determine whether it contains substantial evidence to support the Commissioner's decision"). Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). When reviewing an administrative decision, the court is not permitted to re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Instead, conflicts in the evidence are for the Commissioner, not the court, to resolve. *Brown*, 192 F.3d at 496.

### B. Standards and Burdens

To be eligible for disability insurance benefits (DIB) the claimant must have a disability as defined in the Act. *See* 42 U.S.C. §§1382(a), 1382c(a)(3)(A)-(C);20 C.F.R. §1505. A well-established five-step sequential process is utilized by the Social Security Administration to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also, Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992); *see also Leggett*, 67 F.3d at 563 n.2; *Wren v. Sullivan*, 925 F.2d 123,

---

be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings, and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" when not supported by substantial evidence.

125 (5th Cir. 1991).[4] The claimant has the burden to prove disability under the first four steps. *See Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If the claimant successfully carries this burden, the burden shifts to the Commissioner in step five to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001).

## III. DISCUSSION

Robinson does not challenge the ALJ's findings at the first three steps of the sequential process. Instead, one of Robinson's initial, albeit not her only, challenge is directed at an aspect of the ALJ's determination of her residual functional capacity (RFC), which then rippled into the ALJ's other determinations. (Dkt. No. 7). In particular, Robinson contends that the ALJ erred in failing to consider the effect of the "moderate difficulties" he found she had in sustaining "concentration, persistence and pace" when determining her RFC and this factual inconsistency warrants remand under the rule of *Chenery*. The Commissioner contends that the ALJ's RFC determination comports with applicable law, that there is substantial evidence in the record to support it, and that any error was harmless. (Dkt. No. 11).

Before proceeding on to steps 4 or 5 in the sequential process, the ALJ is responsible for determining the claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). As set forth in the regulations, RFC is an assessment of an individual's ability to do sustained, related physical and

---

[4] When a mental impairment is involved, as is the case here, additional procedures are utilized to evaluate the impairments. See 20 C.F.R. §§ 404.1520a, 416.920a (the "special technique" for assessing mental impairments, supplementing the five-step sequential analysis).

mental activities in a work setting on a regular and continuing basis. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. *Hector v. Barnhart*, 337 F.3d 905, 924 (S.D. Tex. 2004). Moreover, the assessment is considered to represent the most—not the least—that an individual can do despite her limitations or restrictions. *See id.* The ALJ normally reaches the determination of a claimant's RFC through a combined "medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988); *see also*, *Ripley*, 67 F.3d at 557 (recognizing that if one does not exist, the ALJ can request a medical source statement which considers the exertional and/or non-exertional limitations the applicant has and then describes the types of work, if any, that the applicant is capable of performing given any such limitations).

As reflected in the administrative decision, the ALJ made the following findings with regard to Robinson's RFC:

> Robinson ha[d] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the ability to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand/walk for 4 of 8 hours and sit for 6 of 8 hours for a full 8 hour workday. Her push//pull and gross/fine functioning is unlimited, except she is limited to occasional pushing with the lower extremities, bilaterally, occasional overhead lifting with the upper extremities, bilaterally, and frequent use of the hands, bilaterally. She can occasionally climb stairs but is precluded from climbing ladders, ropes, scaffolds, or running. She can occasionally bend, stoop, crouch, crawl, balance, twist, and squat. She requires limited exposure to heights, dangerous machinery, uneven surfaces, and excessive heat/cold. ***She is able to get along with others, understand detailed instructions, concentrate and perform detailed tasks, and respond and adapt to workplace changes and supervision, but in a limited public/employee contract setting.***

[Emphasis added]. (Tr. 17).

As reflected in this RFC determination, while it is evident that the ALJ accounted for the "moderate" difficulties he previously determined that Robinson had in maintaining social functioning by limiting her to a public/employee contact setting, the ALJ's decision fails to reflect that he considered the "moderate" difficulties he previously determined her mental impairments imposed on her ability to maintain concentration, persistence or pace. *See* generally, *Allsbury v. Barnhart*, 2006 WL 2854378, at *7 (E.D.Tex. June 19, 2006) (concluding that there is more than a semantic difference between the terms "mild" and "moderate" and, as such, while a finding of "moderate" might not be presumptively disabling under steps two and three, it nevertheless represents a severe impairment). While the Court recognizes that the ALJ's assessment at this step in the sequential process is intended to be more specific than his earlier determination, the lack of congruity between his findings should not be ignored. *See Benson v. Comm'r of the Social Sec. Admin.*, No. 9:02-CV-57, 2004 WL 3237348, at *3 (E.D. Tex. 2004) (recognizing that courts should not and "cannot ignore obvious, blatant and prejudicial errors, irrespective of whether litigants identify and debate them."). Upon this record, this Court is unable to conclude that substantial evidence supports the ALJ's assessment of Robinson's mental RFC. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (explaining that "the ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council.").

Furthermore, insofar as the foundation for the Commissioner's step five determination was premised upon a mental RFC which is not supported by substantial evidence, the Court cannot find that the Commissioner's ultimate conclusion that Robinson is not disabled – premised on an incomplete or flawed hypothetical to the vocational expert – is supported by substantial evidence. *See Leggett*, 67 F.3d at 565 (an ALJ may only properly rely on the testimony of a VE where it is

based on a correct account of a claimant's qualifications and restrictions); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994) (recognizing that "[u]nless there is record evidence to adequately support the assumptions made by a VE, the opinion expressed by the VE is meaningless").

## CONCLUSION

Considering the record as a whole, this Court concludes the Commissioner's decision is not supported by substantial evidence. The Court, therefore, concludes that the Defendant's Motion for Summary Judgment (Dkt. No. 11) is **DENIED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 7) is **GRANTED**, and that this action is **REMANDED** to the Social Security Administration pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further proceedings consistent with the determinations made herein.

**DONE** at Galveston, Texas, this _____ 8th _____ day of March, 2017.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE